IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

DR. GUTTI RAO,

     Plaintiff,

v.                              CIVIL ACTION NO.  2:23-cv-263

SLEEP NUMBER BED, INC. and
SYNCHRONY BANK,

     Defendants.

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Dr. Gutti Rao, by and through his undersigned

counsel, John P. Corcoran, Jr., Esquire, and Jones, Gregg, Creehan & Gerace, LLP, and

hereby files the Complaint in Civil Action, and in support thereof states as follows:

## INTRODUCTION

1.     Dr. Gutti Rao ("Plaintiff") brings this Complaint for damages and any other

available and equitable remedies, resulting from the illegal actions of Sleep Number Bed

and Synchrony Bank ("Defendants") for violation of the Fair Debt Collection Practices Act,

15 U.S.C. §1692, *et seq.*; violation of the Pennsylvania Unfair Trade Practices and

Consumer Protection Act; Credit Slander; and Fraud.

## JURISDICTION AND VENUE

2.     Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and 15

U.S.C. §1681, *et seq.*

3.     Venue is proper in the United States District Court for the Western District

of Pennsylvania pursuant to 28 U.S.C. §1391(b) and (c) as the unlawful practices alleged

herein took place in Westmoreland County, Pennsylvania, and the Defendants are

Delaware corporations who transact business in the Western District of Pennsylvania and the transactions are the basis of the Plaintiff's Complaint occurred within the district and venue, therefore, venue properly lies within this Court.

4.     Furthermore, the Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p).

5.     This Court has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C. §1367(a) and pendent jurisdiction over the common law claims asserted herein.

## PARTIES

6.     Plaintiff, Dr. Gutti Rao ("Plaintiff"), is an adult individual with a mailing address of 179 Beach Valley Drive, Jeanette, PA 15644-9403.

7.     Defendant, Sleep Number Bed, Inc., is a corporate entity duly authorized to conduct business in the Commonwealth of Pennsylvania, with a principal place of business located at 5132 U.S. 30, Greensburg, Westmoreland County, Pennsylvania 15601.

8.     Defendant, Synchrony Bank, Inc., is a duly registered corporation incorporated under the laws of the State of Utah, and with its principal place of business located at 170 West Election Road, Suite 125 Draper, Utah 84020, and is authorized to conduct business in the Commonwealth of Pennsylvania.

8.     At all times relevant hereto, Plaintiff, Dr. Gutti Rao ("Plaintiff"), was a "consumer" as that term is defined by 15 U.S.C. §1681a(C).

10.     At all times relevant hereto, Defendant, Sleep Number Bed, Inc., was acting by and through its duly authorized agents and/or employees who were then and there

2

acting within the course and scope of their employment, and in accordance with the policies and practices implemented and required by such Defendant.

11.    At all times relevant hereto, Defendant, Synchrony Bank, Inc., was acting by and through its duly authorized agents and/or employees who were then and there acting within the course and scope of their employment, and in accordance with the policies and practices implemented and required by such Defendant.

12.    At all times relevant hereto, the Defendants were acting by and through their duly authorized agents and/or employees, set, established, or otherwise implemented the policies and practices as herein described and which alleged herein constitute violations of the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law as amended, 73 P.S. §201, *et seq.* ("UTPCPL").

13.    At all times relevant hereto, the Defendants acting through their duly acting through their authorized agents and/or employees, set, established, or otherwise followed and otherwise implemented the policies and practices as hereinafter described which as alleged herein, constitute violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*

14.    At all times relevant hereto, the Defendants' conduct, actions, and/or failure to act, and/or misrepresentations, and fraud as more fully set forth herein were in conformance with the policies and practices followed and/or utilized by the Defendants in carrying out their business enterprise of retail merchandising and sale of mattresses and/or the products and services related and/or incident thereto.   These activities constitute trade and/or commerce as those terms have been defined under the Unfair Trade Practices and Consumer Protection Law and the Fair Credit Reporting Act.

## RELEVANT FACTS

15. The Plaintiff initially made an inquiry with Sleep Number Bed, Inc. for the purchase of a bed on December 27, 2021.

16. During the course of the transaction, the Plaintiff was advised that there would be a period where the bed can be utilized on a trial basis to see if it is acceptable for use for a period of ninety (90) days.

17. At no time, did the Plaintiff ever execute any documents, sign any forms, or request any credit from Synchrony Bank, Inc. and/or Sleep Number Bed, Inc.

18. The bed was delivered seven (7) weeks after the order date.

19. The bed was substantially defective and not fit for its intended use.

20. A service technician was scheduled to appear at Plaintiff's home approximately four and one-half (4½) weeks after delivery for the trial period in an attempt to resolve the issues to render the bed into working condition.

21. The technician attempted to fix the rocking motion and oscillation of the bed, but was unable to remedy the problem.

22. The Sleep Number Bed, Inc. technician reported back to the store that he could not repair the bed and it was, therefore, defective.

23. Prior to the expiration of the ninety (90) day period, the Plaintiff took steps to return the defective bed.

24. The Plaintiff never received any product that was in useful condition.

25. Synchrony Bank, Inc. started issuing notifications and charging late fees for a bed that was never purchased by the Plaintiff.

26. Synchrony Bank, Inc. was notified of the problem by legal counsel.

27.     Counsel advised that the bed was returned as defective within the ninety (90) day timeframe.

28.     Furthermore, Plaintiff never executed any agreement nor authorized any account or opening of any credit card with Synchrony Bank, Inc.

29.     Despite due demand, Synchrony Bank, Inc. and Sleep Number Bed, Inc. have continuously harassed and demanded payment for the bed that was defective and returned.

30.     Upon information and belief, Synchrony Bank, Inc. in conspiracy with Sleep Number Bed, Inc. is fraudulently engaging in a pattern and practice of defrauding customers by issuing credit without any authorization.

31.     On numerous and substantive occasions, Plaintiff repeatedly requested that the Defendants remove the defective bed and to eliminate the Synchrony Bank, Inc. credit charges.

32.     Defendants both, as part of their conspiracy, refused to honor Plaintiff's requests to terminate the request for payment.

33.     Defendants have falsely reported to Equifax, Experian, and Transunion Credit Agency a default on Plaintiff's account and continued to publish false and unverified statements of record that Plaintiff has not paid for the above-referenced Sleep Number Bed, Inc. product.

34.     Defendant, Synchrony Bank, Inc., opened an account in Plaintiff's name without consent or permission.

35.     Given the facts above, Defendants, Synchrony Bank, Inc. and Sleep Number Bed, Inc., had no reason to believe that Plaintiff owed any debt to it, but continued

to submit false statements to credit agencies causing adverse effects on the Plaintiff's credit report.

36.    Plaintiff has been denied credit and his credit report has been substantially harmed by these false statements should by the Defendants.

37.    As a pattern and practice, Defendants, Synchrony Bank, Inc. and Sleep Number Bed, Inc. maliciously, willfully, recklessly, wantonly, and/or negatively ignored and refused to follow the requirement of the Fair Debt Collections Practices Act and Fair Credit Reporting Act and state law.

38.    A serious and substantial delinquency has been reported on Plaintiff's credit report based upon the fabricated reports issued by the Defendants.

## COUNT I

### NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681e(b)

39.    Plaintiff realleges and incorporates the allegations contained in paragraphs 1-38 herein above.

40.    At all times material to this action, Defendants violated § 16810 of the Fair Credit Reporting Act ("FCRA") by engaging in negligent acts which violate *15 U.S.C § 1681s(2)(B)* as follows:

        a.    failing to conduct a reasonable investigation of the inaccurate items that Plaintiff disputed;

        b.    failing to review all relevant information concerning the items disputed by Plaintiff as provided to the Defendants;

        c.    failing to delete incomplete and inaccurate items that could not be verified in Plaintiff's file after conducting an investigation;

d.   failing to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate items disputed by the Plaintiff;

e.   failing to correctly report results of an accurate investigation to every other credit reporting agency;

f.   continuing to furnish, disseminate and publish inaccurate and derogatory credit items, loan status and other items concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was false, inaccurate and could not be verified;

g.   publishing false information about Plaintiff which resulted in the denial of credit; and

h.   failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(B).

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, Sleep Number Bed, Inc. and Synchrony Bank, Inc. for actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), statutory damages for each violation of the *FCRA*, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o, an order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information, an order directing that Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information, and such other and further relief as may be necessary, just and proper.

## COUNT II

## WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681e(b)

41.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs

1-40 herein above.

42.     At all times material to this action, Defendants violated § 1681n of the FCRA

by engaging in willful acts which violate 15 U.S.C § 1681s(2)(B) as follows:

a.      failing to conduct a reasonable investigation of the inaccurate items that Plaintiff disputed;

b.      failing to review all relevant information concerning the items disputed by Plaintiff as provided to the Defendants;

c.      failing to delete incomplete and inaccurate items that could not be verified in Plaintiff's file after conducting an investigation;

d.      failing to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate items disputed by the Plaintiff;

e.      failing to correctly report results of an accurate investigation to every other credit reporting agency;

f.      continuing to furnish, disseminate and publish inaccurate and derogatory credit items, loan status and other items concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was false, inaccurate and could not be verified;

g.      publishing false information about Plaintiff which resulted in the denial of credit; and

h.      failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(B).

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, Sleep Number Bed, Inc. and Synchrony Bank, Inc. for actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), statutory damages for each violation of the FCRA, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o, an order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information, an order directing that Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information, and such other and further relief as may be necessary, just and proper.

## COUNT III

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, § 1692e(8) THREATENS OR COMMUNICATES FALSE CREDIT INFORMATION TO THE CREDIT BUREAUS

43.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-42 herein above.

44.     Plaintiff is a "consumer" defined by 15 U.S.C. § 1692a(3) of the FDCPA.

45.     The above disputes by Plaintiff and the reporting of inaccurate information to credit reporting agencies by Defendants are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

46.     Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

47.     Defendants violated the Fair Debt Collection Practices Act ("FDCPA"). Defendants' violations include, but are not limited to, violations of 15 U.S.C. § 1692e as evidenced by the following conduct:

        a.     communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

        b.     publishing false information about Plaintiff which resulted in the denial of credit.

48.     The acts of Defendants as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

WHEREFORE, the Plaintiff asks for judgment against the Defendants, Sleep Number Bed, Inc. and Synchrony Bank, Inc., for an award of statutory damages of $1,000.00 for violating the FDCPA pursuant to 15 U.S.C. § 1692k, against each Defendant herein; for an award of actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k against each and every Defendant herein.

## COUNT IV

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) BY ENGAGING IN CONDUCT THE NATURAL CONSEQUENCE OF WHICH IS TO HARASS, OPPRESS OR ABUSE IN VIOLATION OF 15 U.S.C. § 1692d**

49.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-48 herein above.

50. Defendants are debt collectors as defined by the FDCPA, TITLE 15 U.S.C. § 1692a(6).

51.    At all times the Defendants did engage "communications" in conveying of information regarding a debt directly or indirectly to any person through any medium consistent with 15 U.S.C. § 1692a(2).

52.    Defendants' foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the FDCPA, by failing to observe federal and state law and fully disclosing the terms of the loan consolidation and misrepresenting the legal status of the consolidation, Defendants did harass, oppress and abuse the Plaintiff in violation of the FDCPA 15 U.S.C. § 1692(d).

53.    Defendants did directly or indirectly:

a.    make representations as set forth in Plaintiff's factual allegations above, which were false, deceptive, oppressive and harassing, refusing to correct their false acts;

b.    intentionally deceived the Plaintiff by providing inaccurate and deceptive reasons for obtaining their private banking information, information regarding their income and other location information in order to be charged for the product;

c.    falsely notify consumers or credit reporting agencies that consumers were in default when they were not;

d.    offer consolidations on one set of terms, but then providing them with agreements on different terms, which would necessarily frustrate, oppress and abuse the Plaintiff; and

e.    continue to send Plaintiff notices about the false and deceptive charges, the natural consequence which is to harass and abuse Plaintiff.

54.     Plaintiff has been harmed by these violations by Defendants and Plaintiff is entitled to statutory damages, actual damages, and attorney's fees and costs pursuant 15 U.S.C. § 1692k(a).

WHEREFORE, the Plaintiff asks for judgment against the Defendants for an award of statutory damages of $ 1,000.00 for violating the FDCPA pursuant to 15 U.S.C. § 1692k, against each Defendant herein; for an award of actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k against each and every Defendant herein.

## COUNT V

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692e ANY OTHER FALSE, DECEPTIVE, OR MISLEADING REPRESENTATION OR MEANS IN CONNECTION WITH THE DEBT COLLECTION

55.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-54 herein above.

56. Defendants are debt collectors as defined by the FDCPA, TITLE 15 U.S.C. § 1692a(6).

57.     At all times the Defendants did engage "communications" in conveying of information regarding a debt directly or indirectly to any person through any medium consistent with 15 U.S.C. § 1692a(2).

58.     Defendants' foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the FDCPA, by failing to observe federal and state law, misrepresenting the terms and the purpose of the consolidation, and publishing information which knowingly provided a false impression to others in regards to Plaintiff credit worthiness, these Defendants did engage in false, deceptive, or misleading

representation or means in connection with the an attempt to collect a debt in violation of the FDCPA 15 U.S.C. § 1692(e).

59.  Defendants did directly or indirectly:

a.  make representations as set forth in Plaintiff's factual allegations above, which were false, deceptive, oppressive and harassing, refusing to correct their false acts;

b.  intentionally deceived the Plaintiff by providing inaccurate and deceptive reasons for obtaining their private banking information, information regarding their income and other location information in order to be charged for the product;

c.  falsely notify consumers or credit reporting agencies that consumers were in default when they were not;

d.  offer consolidations on one set of terms, but then providing them with agreements on different terms, which would necessarily frustrate, oppress and abuse the Plaintiff; and

e.  continue to send Plaintiff notices about the false and deceptive charges, the natural consequence which is to harass and abuse Plaintiff.

60.  Plaintiff has been harmed by these violations by Defendants and Plaintiff is entitled to statutory damages, actual damages, and her attorney's fees and costs pursuant 15 U.S.C. § 1692k(a).

WHEREFORE, the Plaintiff asks for judgment against the Defendants for an award of statutory damages of $ 1000.00 for violating the FDCPA pursuant to 15 U.S.C. § 1692k, against each Defendant herein; for an award of actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k against each and every Defendant herein.

## COUNT VI

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT , § 1692e(2) CHARACTER, AMOUNT, OR LEGAL STATUS OF THE ALLEGED DEBT

61.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-60 herein above.

62.     Defendants are debt collectors as defined by the FDCPA, TITLE 15 U.S.C. § 1692a(6).

63. At all times the Defendants did engage "communications" in conveying of information regarding a debt directly or indirectly to any person through any medium consistent with 15 U.S.C. § 1692a(2).

64.     Defendants' foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the FDCPA, by failing to observe federal and state law, misrepresenting Plaintiff's request for credit, misrepresenting that Plaintiff agreed to obtain credit, and falsely publishing knowingly false and unverifiable information about Plaintiff, these Defendants knowingly mischaracterized the legal status of Plaintiff's credit status in violation of the FDCPA 15 U.S.C. § 1692(e)(2).

65.     Defendants did directly or indirectly:

    a.      falsely stated Plaintiff has requested credit;

    b.      falsely notify consumers or credit reporting agencies that Plaintiff was in default when they were not; and

    c.      did continue to insist on payment even thought there was no consolidation at all.

66.     Plaintiff has been harmed by these violations by Defendants and Plaintiff is entitled to statutory damages, actual damages, and attorney's fees and costs pursuant 15 U.S.C. § 1692k(a).

WHEREFORE, the Plaintiff asks for judgment against the Defendants for an award of statutory damages of $1,000.00 for violating the FDCPA pursuant to 15 U.S.C. § 1692k, against each Defendant herein; for an award of actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k against each and every Defendant herein.

**COUNT VII**

***CREDIT SLANDER***

67.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-66 herein above.

68.     Defendants' continuously issued false information about the Plaintiff's financial, personal and consumer reputation by claiming that funds were due and payable to Sleep Number, Inc, which was false.

69.     Defendants were each notified of inaccuracies and the falsehood of the items published by these Defendants, however, they continued to issue and/or publish report(s) to third parties which contained unverifiable, inaccurate information about Plaintiff.

70.     Each of these Defendants was notified of their deceptive practices but refused to engage in a reasonable inquiry, refused to investigate and re-investigate the false information.

71.     The false statements initiated by Defendants are false as outlined above and so these Defendants acted as the original defamers of the false information.

72.     In addition, and despite the repeated notices from Plaintiff, Defendants acted with malice by failing to communicate the information provided to it by Plaintiff to credit reporting agencies when responding to investigations and reinvestigations.

73.     Defendants had no factual basis for making the statements for lack of a reasonable inquiry into the facts; however they knowingly published false and unverifiable disparaging statements about Plaintiff with EXPERIAN, EQUIFAX, and TRANSUNION.

74.     At a minimum, Defendants continue to publish disputed information each month in EXPERIAN, EQUIFAX, and TRANSUNION database in spite of Plaintiff's dispute and requests for reinvestigations.

75.     EXPERIAN, EQUIFAX, and TRANSUNION knowingly published false, deceptive and unverifiable information in their database without regard for the truth. These Defendants were asked to verify and put on notice as to the falsity of the information contained in their databases and abandoned their duty to investigate, verify and publish the truth.

76.     At a minimum, Defendants EXPERIAN, EQUIFAX, and TRANSUNION continue to publish the original, unverifiable, false and disparaging remarks about Plaintiff for ten (10) months in their database in spite of Plaintiff's dispute and requests for reinvestigations.

77.     EXPERIAN, EQUIFAX, and TRANSUNION forwarded this unverified and false information to parties wanting to extend credit to Plaintiff.

78.     This false publishing resulted in Plaintiff's denial of credit and reduced credit score.

79.     Plaintiff argues that each request to report unverified false and defamatory information provided to EXPERIAN, EQUIFAX, and TRANSUNION by Defendants constitutes a separate tort.

80.     Plaintiff argues that each viewing of the defamatory information provided to EXPERIAN, EQUIFAX, and TRANSUNION report constitutes a separate tort.

81.     Plaintiff argues that each viewing of defamatory information provided to potential grantors of credit constitutes a separate tort.

82.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

83.     Under Pennsylvania Law, one who original causes the publishing of the defamatory acts is responsible for the re-publication of the original defamatory information in the future.

84.     Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

85.     Under Pennsylvania Law, one that knows that defamatory information is likely to be republished is responsible for the re-publishing of that information in the future.

86.     Defendants each having superior knowledge of finance and legalese, knew that disparaging information would be published against Plaintiff when they knowingly provided information to each other and potential grantors of credit.

87.     Defendants' publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress and mental anguish to Plaintiff.

88.     Each written statement and publication constitutes credit slander per se.

WHEREFORE, Plaintiff requests exemplary, compensatory, actual and punitive damages against Defendants. Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive or exemplary damages may be awarded against the Defendants under the provisions of the Fair Credit Reporting Act and/or states' laws.

## COUNT VIII

## FRAUD

91.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-90 herein above.

92.     As set forth above, the Defendants have engaged in a pattern of predatory, outrageous, and fraudulent billing practices intended to defraud the Plaintiff and obtain funds without providing any product.

93.     The Defendants have consistently billed the Plaintiff for property which was returned.

94.     Defendants have fraudulently created false invoices and billing in order to create a credit card arrangement with the Plaintiff.

95.     The Defendants' fraudulent billing practices clearly constitute actionable fraud under Pennsylvania law.

96.     The Defendant, Sleep Number Bed, Inc., had a ninety (90) day trial period without cost, but fraudulently billed the Plaintiff.

97.     Plaintiff believe and, therefore, avers that Defendants have participated jointly in engaging in fraudulent actions.

98.     The Defendants' actions were intentional, malicious, willful and wanton and thus justify the imposition of punitive damages against them.

WHEREFORE, Plaintiff requests exemplary, compensatory, actual and punitive damages against Defendants. Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive or exemplary damages may be awarded against the Defendants under the provisions of the Fair Credit Reporting Act and other related state law claims.

## COUNT IX

## VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES ACT

99.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-98 herein above.

100.    The actions and omissions of the Defendants as hereinabove described constitute violations of the Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa. C.S.A. § 201-1 *et seq.*, which are in-and-of-themselves fraudulent, deceptive and misleading, constituting violations of the Unfair Trade Practices and Consumer Protection Law, 73 Pa. C.S.A. § 201-1 *et seq.*

101.    The action and omissions of the Defendants as hereinabove and hereinafter described constitute violations of the following sections of the UTPCPL 73 P.S. § 201-2(4):

(ii)     Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(v)     Representing that goods or services have sponsorship approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;

(vi)    Representing that goods are original or new if they are deteriorated, altered, reconditioned, reclaimed, used, or secondhand;

(vii)   Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;

(ix)    Advertising goods or services with intent not to sell them as advertised;

(xi)    Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

(xxi)   Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

102.    The Defendants including representing the condition and value of the products violated the provisions of the Pennsylvania Trade Practices Act as set forth hereinabove.

WHEREFORE, Plaintiff requests exemplary, compensatory, actual and punitive damages against Defendants. Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages

in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive or exemplary damages may be awarded against the Defendants under the provisions of the Fair Credit Reporting Act and/or states' laws, and other related state law claims.

### JURY TRIAL DEMANDED

That Plaintiff is entitled to and hereby respectfully requests a trial by jury. United States Constitution, amendment 7 and Fed. R. Civ. Pro. 38. Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted,

JONES, GREGG, CREEHAN & GERACE, LLP

DATED: 2/10/23

BY: _____
JOHN P. CORCORAN, JR., ESQUIRE
PA. ID. NO. 74906

BY: _____
JANINE E. SMITH, ESQUIRE
PA. ID. NO. 206920

20 STANWIX STREET
SUITE 1100
PITTSBURGH, PA 15222
(412) 261-6400

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: ___John P. Corcoran, Jr., Esquire___

Signature: _____

Name: ___John P. Corcoran, Jr.___

Attorney No. (if applicable): ___74906___